UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GERONIMO RAMIREZ S.,[1]

Petitioner,

v.

WARDEN OF CENTRAL VALLEY ANNEX DETENTION FACILITY, et al.,

Respondents.

No. 1:26-CV-06746-TLN-CSK

A# 206-090-172

**RELEASE ORDER**

This matter is before the Court on pro se Petitioner Geronimo Ramirez S.'s ("Petitioner") Petition for Writ of Habeas Corpus ("the Petition"). (ECF No. 1.) Respondents filed a response. (ECF No. 8.) For the reasons set forth below, the Petition is GRANTED and Respondents are ordered to IMMEDIATELY RELEASE Petitioner.

///

///

///

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. Factual Background

This matter arises out of Petitioner's challenge to his civil immigration detention without a hearing. Petitioner is a noncitizen who entered the United States without admission in 2014 and was encountered by immigration authorities. (ECF No. 1 at 9.) Ultimately, immigration authorities released Petitioner into the country.[2] (*Id.* at 11–12.) For the last twelve years, Petitioner has lived and worked in the United States; he has also applied for immigration relief. (*Id.* at 10–11.) Petitioner is not subject to a final order of removal.[3]

On March 31, 2026, immigration authorities apprehended Petitioner and placed him in detention.[4] (*Id.* at 2.) Immigration authorities appeared to have issued a warrant the next day, and Petitioner was not served with the warrant for another two weeks. (ECF No. 8 at 3.) Petitioner was also detained without notice or a hearing to determine if he poses a flight risk or danger to the community. (ECF No. 1 at 26.) Respondents concede Petitioner is entitled to a custody hearing before an immigration judge. (ECF No. 8 at 1.) Yet, they have not yet provided one. (ECF No. 1 at 26.) Petitioner has now been detained for five months without any hearing as to his detention. (*Id.* at 2, 26.)

Moreover, it appears that there are no removal proceedings pending against Petitioner. On June 24, 2026, an immigration judge terminated Petitioner's removal proceedings, and it appears no appeal of that decision was filed.[5]

Petitioner now challenges the constitutionality of his detention. (*Id.*)

## II. Standard of Law

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004)

---

[2] Petitioner states he was re-detained in 2016 and immigration authorities again released him. (ECF No. 1 at 12.)

[3] Automated Case Information, U.S. Department of Justice, Executive Office for Immigration Review, https://acis.eoir.justice.gov/en/caseInformation (hereafter "EOIR's Case Information").

[4] Respondents do not dispute the date of arrest and offer no statements or evidence as to date of arrest. (*See generally* ECF No. 8.)

[5] EOIR's Case Information.

(citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. ANALYSIS

Petitioner claims his detention without a hearing violates the Fifth Amendment.[6] (ECF No. 1 at 25–26.) Respondents state that Petitioner was detained under 8 U.S.C. § 1225(b)(2)(A), but they acknowledge that 8 U.S.C. § 1226(a) governs Petitioner's detention and entitles him to a hearing. (ECF No. 8 at 1 (citing *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026)).)

As an initial matter, it appears Respondents do not have authority to detain Petitioner *at all*, since his immigration proceedings were terminated over two months ago.[7] Section 1226(a) authorizes detention only so long as removal proceedings exist. *See* 8 U.S.C. § 1226(a) (a noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States."). Respondents provide no argument or authority for detention post-termination of removal proceedings, nor do they assert, or provide evidence, that they have appealed the termination order or are pursuing removal of Petitioner at all. (*See* ECF No. 8.) Petitioner is entitled to release on this basis alone. Nevertheless, even if Respondents did appeal the termination order and they failed to inform the Court of such pertinent information,

---

[6] Finding relief warranted under his Fifth Amendment procedural due process claim, the Court declines to address his additional claims in favor of judicial economy.

[7] EOIR's Case Information (showing in Petitioner's case, "The immigration judge TERMINATED proceedings. DECISION DATE[:] June 24, 2026. . . . No appeal was received for this case.")

Petitioner's detention remains unlawful.

The Fifth Amendment prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas,* 533 U.S. at 693. These due process rights extend to immigration proceedings and detention. *Id.* at 693–94.

The Court finds Petitioner possesses a protected liberty interest and was denied the process necessary to ensure any deprivation of that interest accords with the Constitution. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). Even if he is subject to removal or his freedom could be revoked by statute, that interest is still protected by the Due Process Clause. *See Hernandez v. Sessions*, 872 F.3d 976, 997 (9th Cir. 2017); *Zadvydas*, 533 U.S. at 693.

Respondents' argument as to the applicability of 8 U.S.C. § 1225(b)(2) is unavailing as the Ninth Circuit has confirmed the government's interpretation of the statute is incorrect. *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026). The mandatory detention scheme of § 1225(b)(2) applies only to noncitizens entering the United States at the border. *Id.* at *10. In contrast, individuals like Petitioner who are "present without admission who are apprehended in the interior of the United States," are subject to discretionary detention under 8 U.S.C. § 1226(a) and are entitled to a hearing. *Id.* at *3. Indeed, Respondents concede these points. (ECF No. 8 at 1.) Accordingly, the Court finds Petitioner maintains a clear interest in his continued liberty protected by the Due Process Clause.

Upon consideration of the three factors set forth in *Mathews v. Eldridge*, the Court finds Petitioner was owed notice and a hearing before a neutral decisionmaker to determine whether his detention was justified. 424 U.S. 319, 335 (1976); *see Julio Fernando R.P. v. Andrews*, No. 1:26-CV-05547-TLN-CSK, 2026 WL 2137758, at *2 (E.D. Cal. July 24, 2026) (analyzing the *Mathews* factors and finding similarly). Respondents have not provided any custody hearing in over five months of detention, even though they concede Petitioner is entitled to one under

§ 1226(a).[8] Therefore, Respondents have violated the Fifth Amendment Due Process Clause.

## IV. CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus (ECF No. 1) is hereby GRANTED. It is FURTHER ORDERED:

1. Respondents must IMMEDIATELY RELEASE Petitioner Geronimo Ramirez S. (A# 206-090-172) from custody on his own recognizance. At the time of release, Respondents must return all of Petitioner's documents and possessions. Respondents must file a **notice of compliance** with this provision by **September 7, 2026**.

2. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent pending removal proceedings and compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where Respondents demonstrate by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

3. Petitioner's Motion to Proceed in Forma Pauperis (ECF No. 2) is GRANTED.

4. Petitioner's Motion for Temporary Restraining Order (ECF No. 3) and Motion to Appoint Counsel (ECF No. 4) are DENIED as MOOT.

5. The Clerk of Court shall serve this Order on the **Central Valley Annex**.

6. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

///

///

---

[8] Additionally, the Court is concerned with the procedural safeguards apparently flouted prior to arrest. Although, an administrative warrant must be issued prior to arrest (8 U.S.C. § 1226(a); *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025)), it appears here the warrant was issued the day after Petitioner's arrest and not served for another two weeks, in violation of § 1226(a). (ECF No. 8 at 3.) Respondents offer no explanation or evidence to excuse the delayed issuance and service of the warrant. (*See id*. at 1.)

IT IS SO ORDERED.

DATE: September 2, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE